# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>SANDOVAL COUNTY, NEW MEXICO; SANDOVAL COUNTY BOARD OF COMMISSIONERS; DON LEONARD, ORLANDO LUCERO, DAVID BENCY, GLEN WALTERS, and DARRYL MADALENA, Members of the Sandoval County Board of Commissioners; and SALLY PADILLA, Sandoval County Clerk,<br><br>    Defendants. | No. 88-CV-1457-BRB-DJS |

**ORDER EXTENDING AND MODIFYING CONSENT DECREE**

Before **BALDOCK**, Circuit Judge, **PARKER**, Senior District Judge, and **BLACK**, District Judge.[1]

**PER CURIAM**.

The United States initiated this action against the State of New Mexico and Sandoval County, New Mexico in December 1988, alleging violations of §§ 2 and 203 of the Voting Rights Act of 1965, as amended, 42 U.S.C. §§ 1973 & 1973aa-1a. The action arises from

---

[1] This three judge panel is convened in accordance with 28 U.S.C. § 2284 and 42 U.S.C. § 1973aa-2.

election practices and procedures in Sandoval County as they affect Native American citizens. On March 23, 1990, the parties entered into a settlement agreement (doc. #123) that required Sandoval County to develop and implement a comprehensive bilingual Native American Election Information Program (NAEIP) for its Native American citizens. The parties filed a detailed description of the NAEIP with the Court on April 30, 1990 (doc. #124). On May 17, 1990, the Court ordered Sandoval County to implement the NAEIP (doc. #125) pursuant to the settlement agreement. Also pursuant to the agreement, the Court dismissed the case as to the State of New Mexico.

Sandoval County failed to comply substantially with the NAEIP. In June 1993, the United States moved to reactivate the case and sought continued discovery (doc. #127). The Court granted that motion (doc. #139). Ensuing discovery uncovered significant evidence of Sandoval County's failure to comply with the settlement agreement. Accordingly, Sandoval County agreed to negotiate a consent decree. The parties filed a consent decree and revised NAEIP on August 30, 1994 (doc. #156). On September 9, 1994, the Court accepted the consent decree as the order of the Court, which, by its terms, was set to expire September 9, 2004 (doc. #157). Pursuant to the consent decree, the United States assigned federal observers to monitor Sandoval County elections, and investigated extensively Sandoval County's efforts to comply with the revised NAEIP and §§ 2 and 203 of the Voting Rights Act from 1994 through June 2004. Based on information gathered during that time, the United States determined that Sandoval County, despite making some improvements, failed

to furnish all instructions, assistance, and other information relating to voting orally in the Navajo, Towa, and Keresan languages, in violation of the consent decree and §§ 2 and 203.

The United States conferred with Sandoval County to discuss and resolve these compliance problems. The parties agreed that circumstances justified extending the consent decree. Thus, the parties moved jointly to extend and amend the Court's September 9, 1994 consent decree through January 15, 2006 (doc. #162). The Court granted that joint motion, and entered the amended consent decree as the order of the Court on November 5, 2004 (doc. #165). Subsuquently, the United States monitored three elections: the November 2004 general election and the 2006 primary and general elections. The United States and Sandoval County worked cooperatively to resolve compliance problems. Notwithstanding those efforts, compliance problems remained. Indeed, while Sandoval County progressed in making the election process accessible to its Native American population, the evidence demonstrates that it failed to furnish all instructions, assistance, and other information relating to voting orally in Keres, Towa, and Navajo, in violation of the Court's amended consent decree and §§ 2 and 203 of the Voting Rights Act.

The parties again conferred. Thereafter, on April 4, 2007, the parties filed a joint motion to extend and modify the amended consent decree through January 31, 2009 (doc. #175). On July 20, 2007, the Court held a hearing on that motion. On July 24, 2007, the Court entered an order (doc. #185) requiring the United States to file federal election observer reports for the 2004 and 2006 primary and general elections, as well as copies of letter agreements between the United States and other counties regarding programs to comply

with § 203.  The Court also ordered Defendants to file voting rights coordinator reports from the 2004 and 2006 elections.  The Court afforded each party the right to respond to these filings, and ordered the parties to file a joint report setting forth any agreements they reached and identifying any outstanding issues the Court needed to resolve.

On September 10, 2007, the parties filed a Joint Report (doc. #205) in which they agreed that circumstances justified extending and modifying the consent decree a second time.  Specifically, the parties' Joint Report noted that neither Sandoval County's Keres, Navajo, nor Towa language program substantially complied with the Court's amended consent decree or §§ 2 or 203 of the Voting Rights Act and, thus, extension of the amended consent decree was appropriate.  On September 28, 2007, the parties filed an amended Joint Stipulation and revised NAEIP (doc. #210).  The revised NAEIP streamlined and simplified Sandoval County's responsibilities.  On November 28, 2007, the Court extended the November 5, 2004 amended consent decree and NAEIP, as modified by the version filed with the Court on September 28, 2007, a second time until January 31, 2009.

On January 30, 2009, the Government filed an Opposed Motion to Extend (doc. # 214) the consent decree a third time.  Sandoval County filed its Response in Opposition (doc. #216) to that motion on February 4, 2009.  Subsequently, the Government presented Sandoval County with a proposal to resolve this case.  In order to obtain sufficient time to consider the Government's proposal, Sandoval County has withdrawn its opposition (doc. # 219) to the Government's requested extension.  Accordingly, it is hereby ORDERED that the Court's November 5, 2004 amended consent decree and NAEIP, as modified by the

version filed with the Court on September 28, 2007, and later extended until January 31, 2009, is hereby modified and extended a third time until March 2, 2009.  The Court shall retain jurisdiction of this case to enter further relief or such other orders as may be necessary for the effectuation of the terms of this agreement and to ensure compliance with §§ 2 and 203 of the Voting Rights Act, 42 U.S.C. §§1973 and 1973aa-1a, and the Fourteenth and Fifteenth Amendments to the United States Constitution.

    SO ORDERED.

    Entered for the Court,
this 19th day of February, 2009

_____
Bobby R. Baldock
United States Circuit Judge

_____
James A. Parker
Senior United States District Judge

_____
Bruce D. Black
United States District Judge