IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SANDOVAL COUNTY, NEW MEXICO; SANDOVAL COUNTY BOARD OF COMMISSIONERS; DON LEONARD, ORLANDO LUCERO, DAVID BENCY, GLEN WALTERS, and DARRYL MADALENA, Members of the Sandoval County Board of Commissioners; and SALLY PADILLA, Sandoval County Clerk, | ) NO. CIV 88-1457-BRB-DJS |
| | ) |
| Defendants. | ) |

## AMENDED JOINT STIPULATION AND CONSENT DECREE

The United States, Sandoval County ("County"), and remaining defendants, agree through their undersigned counsel to the following Joint Stipulation.

Sandoval County has been covered under Section 203 of the Voting Rights Act, 42 U.S.C. § 1973aa-1a, for American Indians since 1975.  40 Fed. Reg. 43044 (Sept. 18, 1975); 49 Fed. Reg. 25887 (June 25, 1984); 57 Fed. Reg. 43213 (Sept. 18, 1992); 67 Fed. Reg. 48871 (July 26, 2002).  At present, the County is covered under Section 203 for Navajo and Pueblo (Keres and Towa) languages.  67 Fed. Reg. 48871 (July 26, 2002).  Based on information provided by the Census Bureau, the Indian reservations that triggered coverage are the Pueblos of Zia, Santo Domingo, San Felipe and Jemez, and the Navajo Nation Reservation.

Section 203 requires that all information that is provided by Sandoval County in English about voter "registration or voting notices, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots," must be provided in Keres, Towa, and Navajo to the extent needed to allow language minority group members to be informed of and participate effectively in the electoral process and all voting-related activities. 42 U.S.C. § 1973aa-1a(c).  The provisions of Section 203 apply to all stages of the electoral process, "including, for example the issuance, at any time during the year, of notifications, announcements, or other informational materials concerning the opportunity to register, the deadline for voter registration, the time, places and subject matters of elections, and the absentee voting process." *Attorney General's Procedures for the Implementation of the Provisions of the Voting Rights Act Regarding Language Minority Groups*, 28 C.F.R. § 55.15. Because Keres, Towa, and Navajo are historically unwritten, defendants are required to furnish oral instructions, assistance and other information relating to registration and voting in Keres, Towa, and Navajo. 42 U.S.C. § 1973aa-1a(c); see also 28 C.F.R. § 55.12(c).

In December of 1988, the United States brought this action against the State of New Mexico and Sandoval County alleging violations of Sections 2 and 203 of the Voting Rights Act for failure to provide American Indian citizens with adequate language assistance regarding all aspects of the electoral process.  On March 23, 1990, the parties entered into a settlement agreement which provided for the development and implementation of a comprehensive multilingual Native American Election Information Program ("NAEIP") for the American Indian citizens of Sandoval County.  A detailed description of the NAEIP was filed with the Court on

April 30, 1990. On May 17, 1990, this Court ordered the State and County to implement the NAEIP.

The settlement required that State and County officials hire voting rights language coordinators ("VRCs") to disseminate election information in the Navajo and Keres languages. Through its VRCs, the County was required to carry out a comprehensive program to provide election information to Indians regarding every phase of the electoral process.[1]

The County, however, failed to comply substantially with the terms of the NAEIP. Indeed, based primarily on the reports of federal observers who monitored election day practices and procedures at the County's predominantly Indian precincts, the United States noted continuing problems regarding dissemination of information and assistance to voters in the predominantly Indian precincts, and the utter failure to provide translator training as required by the NAEIP.

Counsel for the United States met repeatedly with County officials to resolve compliance problems without court intervention. The County improved its compliance record in some areas, but continued its overall record of indifference (and at times outright hostility) to major substantive portions of the NAEIP.

In June 1993 the United States moved to reactivate the case for continued discovery, including document production and depositions. The Court granted that motion and the ensuing discovery, including the deposition of the County Clerk, uncovered compelling evidence of the

---

[1] Pursuant to the provisions of the settlement agreement, the case was dismissed as against the State defendants on December 31, 1990. Nevertheless, State officials pledged to continue the state program and the State has maintained an NAEIP program, staffed with one or more Native American coordinators, since that time.

County's failure to comply with the consent decree. Based on that evidence, Sandoval County agreed to negotiate an extension and modification of the decree.

The parties filed a revised Consent Decree on August 30, 1994. The revised decree included provisions designed to remedy the compliance problems with the NAEIP. Among the changes were adding Towa to the languages covered by the decree; extending the decree's duration by ten years; adding a third, full-time, Towa-speaking VRC; transferring control of the NAEIP from the County Clerk, who had been hostile to the program since its inception, to the County Attorney; the insertion of explicit language preventing interference with the VRCs' ability to travel, to obtain access to County facilities, or to perform other tasks in furtherance of the NAEIP; and establishing coverage for Sandoval County under Sections 3(a) (federal observers) and 3(c) (preclearance) of the Voting Rights Act of 1965, as amended, 42 U.S.C. §§ 1973a(a) and 1973a(c). This Court entered the revised decree and NAEIP on September 9, 1994 ("Order").

Pursuant to the Court's order, the United States assigned federal observers to monitor Sandoval County elections, and the United States conducted extensive investigations of the actions of Sandoval County in complying with the revised NAEIP and Section 203 of the Voting Rights Act from 1994 through June of 2004.

Based on information gathered from 1994 through June of 2004, the United States determined that Sandoval County, despite making some improvements, failed to implement fully the NAEIP and to furnish all instructions, assistance and other information relating to voting orally in Navajo and Keres, in violation of the Order and Section 203.

The United States conferred with Sandoval County, including its County Attorney, to discuss and resolve noted compliance problems. The parties agreed that amendment and extension of the Order were justified. Thus, the parties jointly moved for an order amending and extending the Court's Order of September 9, 1994 until January 15, 2007. The Court granted that joint motion on November 5, 2004 and entered the amended consent decree ("Revised Order").

After the November 5, 2004 extension, the United States monitored three elections: the November 2004 general election and the 2006 primary and general elections. While Sandoval County made some progress in making the election process accessible to the American Indian population of the County, reports of federal observers who monitored elections demonstrated that Sandoval County failed to furnish all instructions, assistance and other information relating to voting orally in Keres, Towa, and Navajo, in violation of the Court's Revised Order. The parties agreed that these failures constituted good cause to extend the consent decree, and, on April 4, 2007, jointly moved for an order modifying and extending the consent decree through January 15, 2009. After a Court hearing on July 20, 2007, the United States filed federal observer reports for the 2004 and 2006 primary and general elections, as well as copies of letter agreements between the United States and other counties regarding programs to comply with Section 203. The Defendants filed the Voting Rights Coordinator reports from the 2004 and 2006 elections. The parties then filed, on September 10, 2007, a Joint Report to the Court and an Amended Joint Stipulation, wherein the parties agreed that extension and modification of the Consent Decree were necessary and appropriate under the circumstances. The Court entered the Order Extending and Modifying Consent Decree on November 28, 2007.

The United States has monitored two elections since entry of the November 28, 2007 Order: the June 2008 primary election and the November 2008 general election.  While the County has made improvement and has engaged in significant efforts to comply with the Consent Decree and with Section 203 of the Voting Rights Act, such improvement mostly occurred just prior to the November 2008 election.  The County concedes that it has not complied fully with the terms of the Consent Decree.  Based on the County's improvement and in reliance on the County's representation that it will continue its efforts toward full compliance, the United States has agreed to memorialize the substantive provisions of the NAEIP in an out-of-court letter agreement.  The parties agree that the continued authorization for the assignment of federal observers under Section 3(a) of the Voting Rights Act, 42 U.S.C. § 1973a(a), and the continued supervision of the NAEIP by the County Attorney through the next election cycle are necessary to ensure effective oversight of the County's continued efforts toward full compliance.  The parties thus jointly move the Court to extend the Consent Decree as to the authorization for the assignment of federal observers and the supervision of the program by the County Attorney until March 1, 2011.

Accordingly, the parties stipulate to the following:

1. To ensure the continued enforcement of the voting guarantees of the Voting Rights Act and the Fourteenth and Fifteenth Amendments to the Constitution, Sandoval County shall remain eligible for the assignment of federal observers pursuant to Section 3(a) of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973a(a).  Sandoval County recognizes the authority of federal observers to observe all aspects of the voting process conducted in the polls

on election day, including poll worker assistance to voters in the voting booth provided that the voter does not object to being observed.

      2.      The County Attorney shall retain supervision of the NAEIP.

      3.      This Amended Joint Stipulation shall remain in effect through March 1, 2011.

      4.      The Court shall retain jurisdiction to enter further relief or such other orders as may be necessary for the effectuation of the terms of this Amended Joint Stipulation and Consent Decree, and to ensure compliance with Sections 2 and 203 of the Voting Rights Act, and the Fourteenth and Fifteenth Amendments to the Constitution.

Agreed and stipulated to on this 2nd day of March 2009.

| For Plaintiff: | For Defendants: |
| --- | --- |
| UNITED STATES OF AMERICA | SANDOVAL COUNTY, et al. |

For Defendants:
SANDOVAL COUNTY, et al.

/s/David Mathews

GREGORY J. FOURATT  
United States Attorney

DAVID MATHEWS  
Sandoval County Attorney  
P.O. Box 40  
Bernalillo, NM 87004

RAYMOND HAMILTON  
Assistant United States Attorney

Loretta King  
Acting Assistant Attorney General

Electronically Filed,

/s/ Jared M. Slade  
CHRISTOPHER COATES  
GAYE L. TENOSO  
RICHARD DELLHEIM  
JARED SLADE  
Attorneys, Voting Section  
Civil Rights Division  
Department of Justice  
Room 7254-NWB  
950 Pennsylvania Avenue  
Washington, D.C. 20530  
202-305-4733